**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorneys for Plaintiff
PETE VILLESCAS

## DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| PETE VILLESCAS,<br><br>           Plaintiff,<br><br>vs.<br><br>ONE MAIN FINANCIAL, INC., a corporation, and DOES 1 to 10, inclusive,<br><br>           Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

## COMPLAINT FOR DAMAGES

### I.    INTRODUCTION

1.    Pete Villescas ("Plaintiff") brings this action against One Main Financial, Inc. ("Defendant" or "OMF") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit creditors from

engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., 28 U.S.C. 1331, and 15 U.S.C. § 1692k(d).

3. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III. PARTIES

4. Plaintiff is a natural person residing in Arcadia, Los Angeles County, California 91007.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the FDCPA 15 U.S.C. §1692a, and the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Upon information and belief, defendant One Main Financial is located at 601 N.W. Second Street, Evansville, IN 47708, and can be served by serving their registered agent: C T Corporation System 818 W. 7th St Ste 930 Los Angeles, CA 90017.

7. Upon information and belief, the telephone numbers (626) 292-1064; (626) 292-7064; (626) 292-1064; (626) 357-7270; (803) 835-4373; (619) 280-4440; (619) 474-7949; (760) 737-9668; (888) 921-2340; (972) 655-3004; (888) 617-7187; (888) 921-2340; (972) 655-3004; (888) 202-1266; (888) 617-7187; (803) 835-4573; (803) 825-4593; (888) 202-1333; and (888) 921-2342. all belong to Defendants.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection.  Thus, Defendant is a "debt collector" as defined by the

RFDCPA, C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6).  Defendant regularly engages in the collection of debt by telephone in several states including, California.

9. Defendant's businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

10. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Within the last year, Defendant attempted to collect on consumer debt(s) from Plaintiff.

13. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

18. Defendants are attempting to collect alleged consumer debts from Plaintiff.

19. Plaintiff's alleged debts are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

20. Upon information and belief, defendant OMF is listed as the creditor on all written communication regarding the account held by Plaintiff.

21. Between the dates of April 12, 2016 and October 19, 2016, Defendant caused Plaintiff's cellular telephone number (626) 340-5733 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

22. On April 12, 2016 at 1:45 pm, Plaintiff received a phone call from telephone number (626) 292-1064. Plaintiff answered the call and unequivocally revoked consent to be contacted on his cellular phone.

23. When Plaintiff answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

24. The telephone number (626) 292-1064 belongs to OMF, and upon information and belief, the calls were made in an attempt to collect on an account.

25. On May 18, 2016 at 6:03 pm, Plaintiff received a phone call from telephone number (626) 292-1064. Plaintiff answered the call and unequivocally revoked consent to be contacted on his cellular phone for a second time.

26. When Plaintiff answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

27. The telephone number (626) 292-1064 belongs to OMF, and upon information and belief, the calls were made in an attempt to collect on an account.

28. After the April 12, 2016 call, Plaintiff received approximately one-hundred sixty-three (163) additional calls from Defendant from April 12, 2016 through October 19, 2016.

29. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

30. Each and every one of those telephone calls caused Plaintiff distraction, temporary loss of use of his telephone line, and annoyance.

31. Defendant is familiar with the TCPA, FDCPA, and RFDCPA.

32. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

33. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

34. The approximately one-hundred sixty-three (163) phone calls placed from Defendant to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

## V.   CAUSE OF ACTION

### COUNT I

### DEFENDNAT OMF VIOLATED THE TCPA, 47 U.S.C. § 227

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

37. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## DEFENDANT OMF VIOLATED

## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692b et. Seq.

38. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

39. Defendant OMF violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant OMF violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant OMF violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii) Defendant OMF violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iii) Defendant OMF violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

40. Defendant OMF's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the FDCPA, Defendant OMF is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III
## DEFENDNAT OMF VIOLATED THE ROSENTHAL
## FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

42. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

43. Defendant violated the RFDCPA. Defendant' violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

44. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pete Villescas respectfully requests that judgment be entered against Defendant One Main Financial for the following:

(a) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b) Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d) Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

(e) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

(f) Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| Dated: April 5, 2017 | PRICE LAW GROUP, APC |

By: */s/ Stuart M. Price*

    Stuart M. Price (SBN 150439)
    **Attorney for Plaintiff**
    **Pete Villescas**